OPINION
On July 11, 1997, the Stark County Grand Jury indicted appellant, Michael J. Fedorko, on one count of gross sexual imposition in violation of R.C. 2907.05. Said charge arose from an incident involving a seven year old girl. On August 18, 1997, appellant pled guilty as charged. By judgment entry filed September 25, 1997, the trial court sentenced appellant to three years in prison. On July 6 and 26, 1999, hearings were held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed July 28, 1999, the trial court classified appellant as a "sexual predator." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 II THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 III THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II
This court has previously reviewed these arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. Assignments of Error I and II are denied.
 III
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C.2950.09(B)(3). We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The bill of particulars filed July 29, 1997 indicates appellant fondled the breasts of a juvenile less than thirteen years of age. The trial court noted at the time of the offense appellant was eighteen years old and the victim was seven years old. July 26, 1999 T. at 7. The trial court had before it appellant's prior criminal record (State's Exhibit 6) and a complete psychological evaluation (State's Exhibit 4). The trial court took note of appellant's prior criminal record which included a finding of delinquency on two counts of gross sexual imposition. Id. at 3, 7. Said convictions stemmed from incidents involving appellant's two brothers, both under the age of twelve. Id. at 3. The trial court found appellant has not "participated in any offender specific programs" and has not received any "counseling related to his sexual offenses." Id. at 7-8. The trial court considered the psychological evaluation, "specifically the portion that states that the probability that the Defendant will continue to commit sexual offenses is dangerously high, and it's also very concerning that the report states that the Defendant may not be able to benefit successfully from offender treatment." Id. at 8. Based upon the above factors, the trial court concluded appellant should be classified as a "sexual predator" as defined in R.C.2950.01(E). Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 _______________________________ Farmer, P.J.
WISE, J. and READER, V.J. CONCUR.